UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL MELTON,<br><br>  Plaintiff,<br><br>v.<br><br>ENCANA OIL & GAS (USA) INC.,<br><br>  Defendant. | ORDER GRANTING MELTON'S<br>MOTION TO COMPEL DISCOVERY<br><br><br><br>Case No. 2:05CV00842 PGC |

  Before the court is Michael Melton's motion to compel discovery (#73).  Specifically, Melton seeks the production of correspondence and communications between Dr. Halvorsen and defense counsel that were considered by Halvorsen in the formulation of his 2007 Report.  Encana asserts that the communications between defense counsel and Halvorsen are not discoverable because these materials are protected by the opinion work product doctrine.  Melton contends that the Rule 26 disclosure rules require the disclosure of all materials considered by an expert in the formulation of opinions and conclusions, regardless of whether such materials fall under the work product doctrine.  The court agrees with Melton.

  Rule 26(a)(2) requires the disclosure of materials considered by expert witnesses in forming their opinions.[1]  The relationship between this disclosure obligation and the work

---

[1] *See* Fed. R. Civ. P. 26(a)(2); *Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633 (D. Ind. 1996).

product doctrine was directly addressed in an advisory committee note to the 1993 amendments to Rule 26:

> Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied upon by the expert – are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.[2]

After the 1993 amendments were enacted, the majority of courts have interpreted Rule 26 to require the disclosure of both fact and opinion work product shared with an expert.[3] Although the posture of this case creates some unfortunate timing for Encana – with Halvorsen supplementing his expert report after having communicated with defense counsel in preparation for trial – the fact remains that these communications occurred before the 2007 report was produced. And because courts have taking a broad interpretation of the word "considered," Encana has an obligation to disclose the communications between defense counsel and Halvorsen regardless of whether Halvorsen directly used the communications to change or amend his opinions.[4]

---

[2] Fed. R. Civ. P. 26(a)(2)(B) advisory committee notes, 1993 amend.

[3] *See, e.g.*, *Karn*, 168 F.R.D. at 639 (noting that "new Rule 26 and its supporting commentary reveal that the drafters considered the imperfect alignment between 26(b)(3) and 26(b)(4) under the old Rule, and clearly resolved it by providing that the requirement of (a)(2) 'trump' any assertion of work product or privilege").

[4] *See id.* at 639-41 (commenting that "'considered' simply means 'to take into account,' and clearly invokes a broader idea than reliance").

Consequently, the court GRANTS Melton's motion to compel and orders Encana to produce all materials provided to Halvorsen that he "considered" in the formulation of his 2006 and 2007 report.

While the court has concluded that these materials are discoverable, the court has in no way concluded that they would be admissible at trial. There may be considerations, such as confusion of the issues, that would preclude the admission of these materials at trial.

SO ORDERED.

DATED this 16th day of May, 2007.

BY THE COURT:

_____
Honorable Paul G. Cassell
United States District Judge